UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| ZACKERY SCOTT MURPHY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:24-cv-00173-HEA |
| ) | |
| UNKNOWN, et al., ) | |
| ) | |
| Defendants. ) | |

## OPINION, MEMORANDUM AND ORDER

Self-represented Plaintiff Zackery Scott Murphy brings this action under 42 U.S.C. § 1983 for alleged violations of his civil rights. The matter is now before the Court upon the motion of Plaintiff for leave to proceed *in forma pauperis*, or without prepayment of the required filing fees and costs. ECF No. 4. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). As Plaintiff is now proceeding *in forma pauperis*, the Court must review his complaint under 28 U.S.C. § 1915. Based on such review, the Court will direct Plaintiff to file a second amended complaint on the court-provided form in compliance with the instructions set out below. The Court warns Plaintiff that his failure to comply with this Order could result in dismissal of this action.

### Background

Plaintiff initiated this action in September 2024 with a letter to the Court complaining about conditions of confinement at Mississippi County Jail in Charleston, Missouri. ECF No. 1. On September 24, 2024, the Court issued an Order explaining that a letter is defective as a complaint initiating an action and directing Plaintiff to file an amended complaint on a Court-provided form. ECF No. 2. In that same Order, the Court also directed Plaintiff to either pay the fulling filing fee

or submit an Application to Proceed Without Prepaying Fees or Costs. *Id.* The Court received Plaintiff's Amended Complaint and Application on October 8, 2024. ECF Nos. 3-4.

## Initial Partial Filing Fee

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Despite the Court ordering Plaintiff to include a certified prison account statement[1] with any application to proceed without prepayment, *see* ECF No. 2 at 2, Plaintiff has failed to do so. However, in his signed and sworn Application, Plaintiff states that he receives money from his aunt on occasion and that his current prison account balance is $0.00, but Plaintiff does not state the total amount of gifts received.[2] ECF No. 4. As such, based on the financial information Plaintiff has submitted, the Court will assess an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with

---

[1] In one of the attachments to the Amended Complaint, Plaintiff appears to be complaining about his inability to get a certified prison account statement. *See* ECF No. 3-3 at 2 ("They are also denying me a copy of my deposits.").

[2] On the same attachment, Plaintiff lists deposit amounts—specifying that one of them was for the cost of a tooth removal—that appear to be deposits from his aunt, but he reiterates that he currently has no money in his account. *See* ECF No. 3-3 at 2 ("I am writing what my Aunt has deposited with transaction code, but I myself have $0.00 in assets & came in with $0.00.").

- 2 -

a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). If Plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his jail account statement in support of his claim.

## The Amended Complaint

Like his initial letter, Plaintiff's Amended § 1983 Complaint also complains about conditions of confinement at Mississippi County Jail, where Plaintiff is being held as a pretrial detainee. ECF No. 3. Plaintiff names four defendants: (1) Mississippi County Jail; (2) Britton Ferrell (Sheriff);[3] (3) Barry Morgan (Captain); and (4) Kenny Rich. *Id.* at 1-3. Plaintiff names Sheriff Ferrell in his individual capacity only, and defendants Morgan and Rich in their official capacities only. *Id.* at 2-3.

Plaintiff's 'Statement of Claim' is very brief. He states that, on August 27, 2024, at the Mississippi County Jail, he was "treated improper" regarding "health concerns, mold, [and] den[ial of] medication." *Id.* at 3. As a result, Plaintiff suffered from "sickness" and "tooth absess." *Id.* Plaintiff further explains, later in his Amended Complaint, that he was not given proper medication for his tooth and that he was "told to eat moldy bread." *Id.* at 6. For relief, Plaintiff seeks monetary damages and for the "Jail/codes" to be updated. *Id.* at 5.

Plaintiff asserts additional allegations in attachments to his Amended Complaint.[4] ECF Nos. 3-1 to 3-4. Plaintiff states that he "believe[s]" there "may be a violation of [his] rights." ECF No. 3-1 at 1. Then Plaintiff complains about conditions of confinement at the Jail, including

---

[3] Plaintiff lists this defendant in the caption of his Amended Complaint as "Britton Ferrell," but in the defendant list as "Britton Ferral." ECF No. 3 at 1-2. Plaintiff should clarify the correct spelling of the defendant's last name in his second amended complaint.

[4] In assessing whether a complaint sufficiently states a valid claim for relief, courts may consider materials that are attached to the complaint as exhibits. *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011) (citations omitted); Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

amount of recreation time; access to personal hygiene items, clothing, and the law library; denial of medical and dental care; exposure to black mold and "toxic fumes from plumbing;" and insufficient staff members to keep inmates safe. *Id.* at 1-2; *see also* ECF Nos. 3-2 & 3-3. The Court notes that many of Plaintiff's allegations appear to be based on what generally occurs at the prison—not Plaintiff's personal experiences—and that some of the pages of the attachments contain multiple signatures, presumably the signatures of other inmates at the Mississippi County Jail. *See* ECF Nos. 3-2 at 2, 3-3 at 1.

In terms of recreation time, Plaintiff asserts that the Jail Handbook specifies the hours of recreation are from 8:00 am until dark, and that there is no recreation when the weather is bad or if the staff does not have time. ECF Nos. 3-1 at 1, 3-2 at 1. However, Plaintiff states that he has not had any recreation time since he began his incarceration at the Jail, and that inmates only get fresh air when they are being transported to a different location. ECF Nos. 3-1 at 1, 3-2 at 2.

In terms of hygiene and clothing, based on Jail Rules, Plaintiff asserts that when an inmate gets booked into the Jail and placed in a cell, he or she can purchase hygiene items from the commissary. However, if the new inmate has no money to purchase items, the Jail will provide certain items (soap, deodorant, toothbrush, toothpaste, and comb).[5] ECF Nos. 3-1 at 1, 3-2 at 1. Plaintiff alleges that this Rule is not followed by the Jail because upon booking, an inmate only receives soap, toothbrush, toothpaste, and one roll of toilet paper. Deodorant and a comb are not provided. Also, new inmates are informed that they will not receive additional hygiene items later, and that they must get money to purchase them. If an inmate does not have money to purchase items and some are provided, the inmate's account is charged for the cost of the items. ECF No.

---

[5] Plaintiff cites to Missouri Statute § 221.060 which does not provide a list of required hygiene items, but states that Missouri jails should "post reasonable rules for the operation of the jail, and shall permit any such person committed to his care to obtain and use food and bedding at such person's expense within those rules as may be convenient and necessary for the proper operation of the jail or confinement facility." Mo. Rev. Stat. § 221.060

- 4 -

3-2 at 1; *see also* ECF No. 3-3 at 1.  Similarly with clothing, Plaintiff asserts that new inmates are "stripped" of their underwear, socks, and shirts and have nothing to keep them warm unless they purchase more clothing with their own money.  *Id.* at 2.

Plaintiff alleges further that the Mississippi County Jail has no law library and that this "hinders[] a person's ability to defend themselves."  *Id.*; *see also* ECF Nos. 3-2 at 2, 3-3 at 1.  According to Plaintiff, copies of paperwork or legal documents are also not allowed.  *Id.*

Plaintiff also claims that the Jail doctor told him that he "doesn't do any medical or dental testing/help" but that "prisoners must wait until they get out of Jail to seek testing + treatment" and then the doctor charged $35.00 for the appointment.  *Id.*

Finally, Plaintiff asserts that there is black mold "visible in the pods," "toxic fumes from plumbing," and "inadequate staff to safely protect the number of prisoners."  *Id.*

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework.  *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015).  However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law.  *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also*

*Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

## Discussion

Upon review of the Amended Complaint under 28 U.S.C. § 1915(e)(2), the Courts finds multiple legal deficiencies in the pleadings. However, because Plaintiff is self-represented and he has presented serious allegations to the Court, he will be allowed to amend his complaint in accordance with the instructions set forth below. *See Munz v. Parr*, 758 F.2d 1254 (8th Cir. 1985) (discussing how a court should give a *pro se* plaintiff a statement of the complaint's deficiencies and a chance to amend the complaint). Plaintiff should consider the following legal issues in filing his second amended complaint.

### I.     Plaintiff can only bring legal claims on behalf of himself.

Some of Plaintiff's allegations are stated in a general manner, suggesting that Plaintiff did not personally experience such treatment. Also, some of the filings appear to have the signature of multiple people or plaintiffs. Plaintiff should be aware that he may only asserts claims on his own behalf.

Standing is a jurisdictional requirement that can be raised by the court sua sponte at any time during the litigation. *Delorme v. U.S.*, 354 F.3d 810, 815 (8th Cir. 2004). Generally, to satisfy the standing requirement, a plaintiff "must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Warth v. Seldin*, 422 U.S. 490, 499 (1975). A non-attorney, self-represented litigant (like Plaintiff) may not represent someone else in federal court. *See* 28 U.S.C. § 1654 (stating that in all United States courts, "the parties may plead and conduct their own cases personally or by counsel"); *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) (stating that "because *pro se* means to appear for one's self, a person may not appear on another's behalf in the other's cause. A person must be litigating an interest personal to him."); *Lewis v. Lenc–Smith Mfg. Co.*, 784 F.2d 829, 830 (7th Cir. 1986) (stating that non-lawyers may only represent themselves because "an individual may appear in the federal courts only *pro se* or through counsel.").

As such, Plaintiff has no standing to bring claims on behalf of other prisoners. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). In other words, Plaintiff must allege a personal loss or injury, and he cannot assert claims regarding the mistreatment of other inmates. *Id.* Therefore, Plaintiff's second amended complaint should only contain personal allegations and assert legal claims on his own behalf.

II.     **Plaintiff must allege personal liability on the part of each named defendant.**

Plaintiff must clearly state what each named defendant did to violate his civil rights. "Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin*, 780 F.2d at 1338 (to be cognizable under § 1983, a claim must allege that the defendant was personally involved in or directly responsible for the incidents that deprived the plaintiff of his constitutional rights). Plaintiff needs to provide the role of each named defendant in this case, in order that each

specific defendant can know what he or she is accused of doing. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim") (internal quotations and citation omitted). Therefore, Plaintiff's second amended complaint should specify exactly what each named defendant did to violate his rights.

### III.     Required Elements of a Deliberately Indifferent Medical Care Claim

Plaintiff alleges that his "health concerns" were not properly addressed and that he was denied medication, resulting in "sickness" and a tooth abscess. ECF No. 3 at 3. The Fourteenth Amendment's Due Process Clause is used to evaluate pretrial detainee's claims of deliberate indifference, whereas the Eighth Amendment is used to evaluate claims of convicted prisoners. *See Stearns v. Inmate Servs. Corp.*, 957 F.3d 902, 906 (8th Cir. 2020) (citing *Bell v. Wolfish*, 441 U.S. 520 (1979)). However, this distinction "makes little difference as a practical matter," because the same standard is applied. *Kahle v. Leonard*, 477 F.3d 544, 550 (8th Cir. 2007) ("Pretrial detainees are entitled to the same protection under the Fourteenth Amendment as imprisoned convicts receive under the Eighth Amendment."); *see also Vaughn v. Greene County*, 438 F.3d 845, 850 (8th Cir. 2006) ("Although this court has yet to establish a clear standard [for medical mistreatment] for pretrial detainees, we repeatedly have applied the same 'deliberate indifference' standard as is applied to Eighth Amendment claims made by convicted inmates."); *Hartsfield v. Colburn*, 371 F.3d 454, 457 (8th Cir. 2004) (applying the Eighth Amendment deliberate indifference analysis to a pretrial detainee's Fourteenth Amendment claim).

The Eighth Amendment prohibits cruel and unusual punishment, and limits conditions of confinement. *Robinson v. California*, 370 U.S. 660 (1962); *Rhodes v. Chapman*, 452 U.S. 337 (1981). The Supreme Court has explained this limit as a prohibition on punishments that "involve

the unnecessary and wanton infliction of pain" including those that are "totally without penological justification." *Rhodes*, 452 U.S. at 346 (quoting *Gregg v. Georgia*, 428 U.S. 153, 173, 183 (1976)).

A jail official's intentional denial of or delayed access to medical care for a prisoner's serious injury constitutes unnecessary and wanton infliction of pain, giving rise to a claim of deliberate indifference to that prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). To prevail on an Eighth Amendment claim of deliberate indifference, a plaintiff must prove that he suffered from an objectively serious medical need, and that prison officials actually knew of and deliberately disregarded that need. *Roberts v. Kopel*, 917 F.3d 1039, 1042 (8th Cir. 2019). "A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997) (internal quotations and citation omitted).

"[D]eliberate indifference requires a highly culpable state of mind approaching actual intent." *Kulkay v. Roy*, 847 F.3d 637, 643 (8th Cir. 2017) (quoted case omitted). An inmate must demonstrate that a prison health care provider's actions were "so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care." *Jackson v. Buckman*, 756 F.3d 1060, 1066 (8th Cir. 2014) (quoted case omitted). Allegations of mere negligence in giving or failing to supply medical treatment will not suffice. *Estelle*, 429 U.S. at 106. Nor will a prisoner's "mere disagreement with treatment decisions" support a claim of deliberate indifference. *Jones v. Minn. Dep't of Corr.*, 512 F.3d 478, 482 (8th Cir. 2008).

Deliberate indifference may also be demonstrated by prison officials who intentionally deny or delay access to medical care. *Estelle*, 429 U.S. at 104-05. When a delay in treatment is alleged to have violated an inmate's constitutional rights, a court measures the objective severity of the deprivation "by reference to the *effect* of the delay in treatment." *Jackson v. Riebold*, 815

F.3d 1114, 1119 (8th Cir. 2016) (internal quotation marks omitted) (quoting *Laughlin v. Schriro*, 430 F.3d 927, 929 (8th Cir. 2005)). To support a claim based on a delay in treatment, a plaintiff must present "verifying medical evidence" showing that the delay in treatment had detrimental effects. *Id.* at 1119-20.

The Eighth Circuit has found that there are circumstances in which untreated dental issues can constitute a serious medical need for a claim of deliberately indifferent medical care. *See Hartsfield*, 371 F.3d at 457 (holding that an inmate with extreme tooth pain and presenting with swollen, bleeding gums, has a serious medical condition sufficient for a deliberate indifference claim). However, Plaintiff simply stating that he had dental problems that were untreated and led to a tooth abscess, is not enough. Plaintiff's second amended complaint must contain sufficient factual allegations for the Court to determine that Plaintiff's dental problems constituted a serious medical need. Furthermore, Plaintiff must assert exactly which named defendants were aware of this serious medical need, and how they deliberately denied or delayed his medical care.[6]

IV.   **Required Elements of a Conditions-of-Confinement Claim**

Similarly, the Fourteenth Amendment's Due Process Clause is used to evaluate pretrial detainee's claims concerning their conditions of confinement. *Stearns*, 957 F.3d at 906 (citing *Bell*, 441 U.S. 520 (1979)). Under the Fourteenth Amendment's substantive due process, the State has an affirmative duty to protect a person when the State has put limitations on the person's personal liberty, like in the case of a prisoner. *See DeShaney v. Winnebago Cnty. Dep't of Soc.*

---

[6] Plaintiff should know that, although pretrial detainees have a constitutional right to receive "needed medical treatment," they do not have a right to have it paid for. *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 245 (1983). It is constitutionally permissible for a detention center to charge a detainee the cost of medical care. *Id.* ("[A]s long as the governmental entity ensures that the medical care needed is in fact provided, the Constitution does not dictate how the cost of that care should be allocated as between the entity and the provider of the care. That is a matter of state law."). Thus, while jails must provide basic medical care to inmates, there is no requirement that the jails provide the medical care free of cost. *See e.g., Reynolds v. Wagner*, 128 F.3d 166, 173-74 (3rd Cir. 1997) (deliberate-indifference standard does not guarantee prisoners right to be entirely free from cost considerations that figure in medical-care decisions made by most non-prisoners in society).

*Servs.*, 489 U.S. 189, 199-200 (1989) ("[W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being."). The Eighth Amendment and the Due Process Clause requires that the State provide for a prisoner's basic human needs, including food, clothing, shelter, medical care, and reasonable safety. *Id.* at 200.

According to the United States Supreme Court, the government may detain defendants prior to trial but the conditions of confinement at the detention facility cannot "amount to punishment, or otherwise violate the Constitution." *Bell*, 441 U.S. at 536-37. The Court described two ways to determine whether the conditions rise to the level of punishment. A plaintiff could demonstrate that the conditions of confinement were intentionally punitive. Alternatively, if no intent to punish was expressed, plaintiff could show that the conditions were not reasonably related to a legitimate governmental purpose or were excessive in relation to that purpose. *Id.* at 538-39.

Here, Plaintiff seems to complain about five conditions of confinement: (1) lack of personal hygiene items and clothing; (2) insufficient recreation time; (3) mold; (4) toxic fumes from plumbing; and (5) insufficient staff members to keep prisoners safe. In order for any of these claims to proceed, Plaintiff must provide sufficient facts to support a claim that these conditions are either intentionally punitive, not reasonably related to a legitimate governmental purpose, or excessive in relation to that alleged governmental purpose.

Prisoners are entitled to the basic necessities of human life and to humane treatment. *Goff v. Menke*, 672 F.2d 702, 705 (8th Cir. 1982). Those necessities include personal hygiene items. *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (stating that prisoner's allegation that he had been denied personal hygiene items stated a claim under § 1983). As such, the long-term, repeated deprivation of adequate hygiene supplies violates the rights of prison inmates. *Myers v.*

*Hundley*, 101 F.3d 542, 544 (8th Cir. 1996). However, the length of time an inmate spends in such a condition is a factor in determining whether there has been a constitutional violation.

The Eighth Circuit recently explained that a conditions claims, like exposure to mold or toxic plumbing, "will turn on both the severity of the conditions … and the length of exposure to those conditions." *Cody v. City of St. Louis*, 103 F.4th 523, 531 (8th Cir. 2024). For example, in one case, the appellate court noted that a complained-of condition of confinement "may be tolerable for a few days and intolerably cruel for weeks or months." *Id.* at 532 (quoting *Beaulieu v. Ludeman*, 690 F. 3d 1017, 1045 (8th Cir. 2012)).

In order for any of Plaintiff's conditions-of-confinement claims to survive § 1915 review, his second amended complaint must provide facts supporting the severity and duration of the complained-of conditions. *See also Thurmond v. Andrews*, 972 F.3d 1007, 1012 (8th Cir. 2020) (noting that inmates have broad constitutional right to reasonably adequate sanitation, particularly over lengthy course of time, and that presence of mold might give rise to unconstitutionally unsanitary prison conditions); *Stickley v. Byrd*, 703 F.3d 421 (8th Cir. 2013) (finding no Fourteenth Amendment violation of pretrial detainee when he was provided with only one roll of toilet paper per week); *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) (stating that a denial of exercise privileges for thirty-seven (37) days was not an atypical and significant hardship in the context of normal prison life).

**V.     Required Elements of an Access to Courts Claim**

Plaintiff also complains about a lack of access to court documents and a law library at the Mississippi County Jail. To state a claim premised upon denial of access to the courts, a plaintiff must demonstrate that he suffered an "actual injury." *Lewis v. Casey*, 518 U.S. 343, 351-52 (1996). The Eighth Circuit has recognized that, when bringing an access-to-courts claim, it is insufficient to merely allege a denial of access to a specific resource, even if the denial is systemic. *Sabers v.*

*Delano*, 100 F.3d 82, 84 (8th Cir. 1996) (citing *Lewis*, 518 U.S. at 353 n.4).  Instead, the plaintiff must plead (and ultimately prove) that the lack of the resource deprived him of some specific opportunity to defend himself, or advance a viable legal claim, in a criminal appeal, postconviction matter, or civil rights action.  *Id.*  Speculation that injuries might occur or could have occurred is insufficient.  *Hartsfield v. Nichols*, 511 F.3d 826, 832 (8th Cir. 2008) ("Absent an articulation of how the alleged wrongful conduct actually blocked [the prisoner's] access to filing a complaint, or caused a filed complaint to be deficient, [the prisoner's] alleged injuries are merely speculative.").

Here, it is not enough for Plaintiff to allege that his constitutional rights have been violated by the lack of law library at the Mississippi County Jail.  In his second amended complaint, Plaintiff must allege an actual injury, supported by factual allegations, resulting from this denial of law library.  Where no actual injury is alleged, dismissal for failure to state a claim is proper.  *See Hartsfield*, 511 F.3d at 832.

### VI.     Defendant Jail is not suable under § 1983.

Finally, Plaintiff names Mississippi County Jail as a defendant in this matter.  However, jails and local government detention centers are not suable entities under 42 U.S.C. § 1983.  *Owens v. Scott Cnty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) (affirming dismissal of § 1983 claim because "county jails are not legal entities amenable to suit."); *De La Garza v. Kandiyohi Cnty. Jail, Corr. Inst.*, 18 F. App'x 436, 437 (8th Cir. 2001) (holding that neither county jail nor sheriff's department is a suable entity under § 1983); *see also Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (holding that departments or subdivisions of local government are "not juridical entities suable as such" under § 1983).  As such, Plaintiff's second amended complaint should not name Mississippi County Jail as a defendant in this § 1983 matter.

## Instructions for Filing a Second Amended Complaint

Plaintiff is advised that the filing of a second amended complaint **completely replaces** the original complaint, the amended complaint, and all supplements, and so it must include all claims Plaintiff wishes to bring. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect"); *see also Yaritz v. Dep't of Corrs.*, No. 23-2457, 2024 WL 3218545, at *1 (8th Cir. June 28, 2024) (per curiam) (affirming district court's dismissal of a pro se § 1983 complaint, finding no error in construing the "second amended complaint as the sole operative pleading"). Any claims from the original complaint or amended complaint that are not included in the second amended complaint will be deemed abandoned and will not be considered. Plaintiff must **type or neatly print** the second amended complaint on the Court-provided Prisoner Civil Rights Complaint form, and the second amended complaint must comply with the Federal Rules of Civil Procedure. *See* E.D. Mo. L.R. 2.06(A).

The Federal Rules of Civil Procedure require litigants to formulate their pleadings in an organized and comprehensible manner. Even self-represented litigants are obligated to abide by the Federal Rules of Civil Procedure and to plead specific facts as to each named defendant. *See U.S. v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). Plaintiff is required to set out his alleged claims in a simple, concise, and direct manner, and the facts supporting his claims as to each named defendant. *See* Fed. R. Civ. P. 8(a)(2) (complaint should contain short and plain statement of claims); 8(d)(1) (each claim shall be simple, concise, and direct); 10(b) (parties are to separate their claims within their pleadings and the contents of which shall be limited as far as practicable to a single set of circumstances). Plaintiff should fill out the complaint form in its entirety.

In the "Caption" section of the complaint form, Plaintiff must state the first and last name, to the extent he knows it, of the defendant or defendants he wants to sue. *See* Fed. R. Civ. P. 10(a)

("The title of the complaint must name all the parties"). If there is not enough room in the caption, Plaintiff may add additional sheets of paper. However, all the defendants must be clearly listed. Plaintiff should also indicate whether he intends to sue each defendant in his or her individual capacity, official capacity, or both. Plaintiff should avoid naming anyone as a defendant unless that person is directly related to his claim(s).

In the "Statement of Claim" section, Plaintiff should begin by writing the first defendant's name. In separate, numbered paragraphs under that name, Plaintiff should set forth the specific facts supporting his claim or claims against that defendant, as well as the constitutional right or rights that defendant violated. If Plaintiff is suing more than one defendant, he should proceed in the same manner with each one, separately writing each individual defendant's name and, under that name, in numbered paragraphs, the factual allegations supporting his claim or claims against that defendant and the constitutional rights violated. Plaintiff should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). Plaintiff's failure to make specific factual allegations against any defendant will result in that defendant's dismissal. Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

If Plaintiff is suing a defendant in an individual capacity, he is required to allege facts demonstrating the personal responsibility of the defendant for harming him. *Madewell*, 909 F.2d at 1208. It is not enough for Plaintiff to refer to a group of defendants and make general allegations against them. Instead, Plaintiff must explain the role of each defendant so that each defendant will have notice of what he or she is accused of doing or failing to do. *See Topchian*, 760 F.3d at 848.

**Conclusion**

Plaintiff will be granted *in forma pauperis* status, and he will be directed to pay an initial partial filing fee of $1.00. Furthermore, Plaintiff should consider the legal issues discussed herein and file a second amended complaint which contains all the relevant factual allegations and asserts all the claims Plaintiff wishes to bring. After receiving the second amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915. If Plaintiff fails to file a second amended complaint on a Court-provided form within **thirty (30) days** in accordance with the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice to Plaintiff.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 4] is **GRANTED.** *See* 28 U.S.C. § 1915(a)(1).

**IT IS FURTHER ORDERED** that the Plaintiff shall pay an initial filing fee of $1.00 within **thirty (30) days** of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding. *See* 28 U.S.C. § 1915(b)(1).

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to Plaintiff a blank copy of the Court's Prisoner Civil Rights Complaint form.

**IT IS FURTHER ORDERED** that, within **thirty (30) days** of the date of this Order, Plaintiff shall file a second amended complaint on the Court-provided form and in compliance with the Court's instructions.

**IT IS FURTHER ORDERED** that upon submission of the second amended complaint, the Court shall again review this action pursuant to 28 U.S.C. §1915.

**IT IS FURTHER ORDERED** that on the Court's own motion, the Clerk of the Court shall amend the caption of this case to read as follows:

Zackery Scott Murphy, plaintiff, v. Mississippi County Jail, et al., defendants, Case No. 1:24-cv-00173-HEA.

The parties shall use the amended caption on all future filings.

**IT IS FINALLY ORDERED** that the Clerk of the Court shall change the short title of this case to read Murphy v. Mississippi County Jail, et al.

**Plaintiff's failure to timely comply with this Order shall result in the dismissal of this action, without prejudice and without further notice.**

Dated this 31st day of December, 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE